# United States District Court
## Eastern District of California

UNITED STATES OF AMERICA
v.
**RAHMAN ABUL SHADEBADI**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)
Criminal Number: **2:04CR00481**

Ben Galloway
Defendant's Attorney

**THE DEFENDANT:**

[✔] admitted guilt to violation of charge(s) 1, 2 & 3 as alleged in the violation petition filed on 4/18/12.
[ ] was found in violation of condition(s) of supervision as to charge(s) __ after denial of guilt, as alleged in the violation petition filed on __.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| 1 | New Law Violation<br>Corporal Injury to co-habitant | 10/11 & 11/10/11, 3/31/12 |
| 2 | Use of Controlled Substance | 10/21 & 27/11, 11/3/11 |
| 3 | Failure to Participate in Drug Testing | 10/20 & 26/11, 11/2, 8, 9 10 & 11, 12/14 & 16, 3/13 & 20/12 |

The court: [ ] revokes: [✔] modifies: [✔] continues under same conditions of supervision heretofore ordered on 3/13/09.

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] Charge(s) __ is/are dismissed.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

10/12/12
Date of Imposition of Sentence

_(signature)_
Signature of Judicial Officer

**GARLAND E. BURRELL, JR.**, Senior U. S. District Judge
Name & Title of Judicial Officer

11/15/12
Date

| | | |
|---|---|---|
| CASE NUMBER: | 2:04CR00481 | Judgment - Page 2 of 3 |
| DEFENDANT: | RAHMAN ABUL SHADEBADI | |

## SUPERVISED RELEASE

The defendant is continued on supervised release with all conditions previously ordered on 3/13/09 and the additional condition listed on page 3 of this judgment.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

10. The defendant shall comply with the conditions of home detention for a period of 180 days to commence when directed by the probation officer. During this time, the defendant will remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant will maintain telephone service at his place of residence without an answering device, call forwarding, a modem, caller ID, call waiting, or a cordless telephone for the above period. At the discretion of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedure as specified by the probation officer.

    The defendant shall pay the cost of electronic monitoring as determined by the probation officer. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.